BOARD OF EDUCATION, BENTON CONSOLIDATED SCHOOL DISTRICT NO. 47, FRANKLIN COUNTY, Plaintiff-Appellee, v. BENTON FEDERATION OF TEACHERS, LOCAL NO. 1956, IFT-AFT, Defendant-Appellant.

Fifth District No. 5—86—0791

Opinion filed January 19, 1988.—Rehearing denied February 17, 1988.

Stephen A. Yokich, of Cornfield & Feldman, of Chicago, for appellant.

Jeff Troutt, of Caldwell, Troutt, Alexander, Quindry & Popit, of Benton, for appellee.

Neil F. Hartigan, Attorney General, of Springfield, and Randi C. Hammer, of Illinois Educational Labor Relations Board, of Chicago (Roma Jones Stewart, Solicitor General, and Imelda Terrazino, Assistant Attorney Gen-

eral, of Chicago, of counsel), for *amicus curiae* Illinois Educational Labor Relations Board.

JUSTICE LEWIS delivered the opinion of the court:

Defendant, Benton Federation of Teachers, Local No. 1956 (the Federation), appeals from a judgment of the circuit court of Franklin County holding a provision of the collective bargaining agreement of the Federation and the plaintiff, Board of Education of Benton Consolidated School District No. 47 (the District), illegal under Illinois law and ordering the parties to bargain in good faith to adopt provisions for promotion, transfer, and job elimination in future collective bargaining agreements.

The provision in question had been a part of the parties' collective bargaining agreements since 1969. In essence, it provided, with certain variations over the years, that vacant teaching positions within the school district were to be filled by the applicant with the greatest district seniority, where the applicants' qualifications were otherwise comparable. Disputes arising under the provision were to be subject to the grievance procedure outlined in the collective bargaining agreement and, if not resolved, were to be submitted for binding arbitration.

The provision contained in the 1984-85 collective bargaining agreement provided:

"When two or more qualified, tenured teachers apply for the same position or assignment, the teacher with the greatest District seniority shall be appointed. Qualified shall be defined as meeting State requirements for that position or assignment. District seniority shall be defined as the length of continuing service as a teacher within District 47. If there is a conflict, the interested party may challenge the decision under the grievance procedure as outlined under Article IV."

While the District agreed to the inclusion of this provision in the 1984 collective bargaining agreement, an unresolved dispute remained after the agreement was signed.

During contract negotiations between the parties during the summer of 1984, the District had taken the position that the paragraph was an "illegal and void" provision in the collective bargaining agreement. A memorandum was signed by both parties, acknowledging that by signing the 1984 collective bargaining agreement, the District did not waive its legal position concerning the legality of the contested provision.

On March 6, 1985, the District filed a complaint in the circuit court of Franklin County, naming the Federation as a party defendant and seeking a declaration with respect to the legality of the contested provision in the 1984 collective bargaining agreement. The District, relying upon section 4 of the Illinois Educational Labor Relations Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 1704) and section 24—11 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—11), argued that the provision was "illegal and void" in that it related to inherent managerial policy—a matter over which the District was not required to bargain—and the transfer and assignment of teachers—a nondelegable function and managerial right. The District requested that the court declare the contested provision illegal and strike it from the parties' collective bargaining agreement.

On April 25, 1985, the Federation moved to dismiss the complaint, arguing that "the parties' collective bargaining relationship and their collective bargaining agreement are governed by and subject to the provisions of the Illinois Educational Labor Relations Act." The Federation contended that the District was trying to avoid the contested provision in its agreement and that the circuit court was not the proper forum in which to settle the dispute in that the court lacked subject matter jurisdiction. The exclusive procedure for resolution of the issue, the Federation argued, required utilization of the administrative remedies provided for in the Act and, if necessary, judicial review before the appellate court of the judicial district in which the Illinois Educational Labor Relations Board maintains its principal office. Under the provisions of the Act, the circuit court was not authorized to determine the scope of bargaining.

Briefs were submitted by the parties. On August 8, 1985, the court entered an order denying defendant's motion to dismiss the complaint, noting that no grievance had been filed to initiate the administrative dispute resolution process.

Defendant filed a motion for reconsideration on August 22, 1985, arguing that the question of the validity of the contract provision should be heard and determined initially by the Illinois Educational Labor Relations Board. The court denied defendant's motion and ordered both parties to negotiate pending a ruling on the validity of the disputed provision.

Defendant filed an answer to the complaint on February 13, 1986. In its answer, the Federation noted that section 4 of the Illinois Educational Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1704), requires that the parties bargain collectively with regard to any matter concerning wages, hours or conditions of employment

which they had bargained over and agreed to in a collective bargaining agreement prior to the effective date of the Act. The disputed provision had been included in collective bargaining agreements between the Federation and the District since 1969; therefore, the subject matter of the provision was properly within the scope of bargaining. The Federation claimed that, rather than conflicting with other statutory provisions, the contract provision operated to supplement them. Moreover, the Federation noted that the Act provides in section 17 (Ill. Rev. Stat. 1985, ch. 48, par. 1717) that, in case of conflict with other laws, executive orders, or administrative regulations, the provisions of the Act take precedence. The Federation reiterated jurisdictional arguments raised in its motion to dismiss.

On April 15, 1986, the Illinois Educational Labor Relations Board gave notice of its intent to file a motion to intervene in the circuit court action and, on June 6, 1986, the Board filed its motion. The Board also filed a motion to dismiss accompanied by supporting memorandum. The Board argued that primary exclusive jurisdiction over the parties' dispute resided in the Board and that the circuit court lacked subject matter jurisdiction. The District filed a response on June 9, 1986, arguing that the Board's position was adequately represented, that its attempt to intervene was untimely, and the Board is not the exclusive forum for resolution of disputes involving educational employees and employers. The circuit court on June 27, 1986, denied the Board's motion to intervene, holding that it was untimely.

Briefs having been previously submitted by the Federation and the District, the circuit court, on August 28, 1986, entered judgment for declaratory relief finding that it had "jurisdiction to determine whether a particular matter is inarbitrable." The court further found that the doctrine of nondelegability survived the enactment of the Illinois Educational Labor Relations Act and effectively voided the promotion, transfer, and job elimination provision in the parties' 1984 collective bargaining agreement. The court declared that, since the parties had bargained with regard to the matter and agreed to a provision dealing with the subject prior to the effective date of the Act, they were required to continue bargaining over that subject pursuant to the mandate of the Act, and the court ordered them to do so.

On September 30, 1986, the Federation filed a motion for clarification or reconsideration, noting conflicting reasoning in the court's ruling. The court had ruled that the provision in the contract, dealing with teachers' promotion, transfer and job elimination, was unenforceable because it violated the doctrine of nondelegability—it subor-

dinated the school board's power to the terms of the collective bargaining agreement. However, the court noted that the Act required employers to bargain with regard to any matter about which they had bargained prior to the effective date of the Act. Therefore, the court had reasoned that the parties were required to "continue to bargain relating to the subject matter involved" as required by the Act. The Federation requested that the court "explicitly indicate" that the "vacancy bidding clause" was valid, or, in the alternative, that the court reconsider its decision.

On November 20, 1985, the District moved to strike the Federation's motion as untimely. The court agreed that the Federation's motion was not timely filed and ordered it stricken. On December 8, 1986, the Federation filed notice of appeal to this court.

While the foregoing events were transpiring in the circuit court, the parties were also involved in proceedings before the Illinois Educational Labor Relations Board. On April 29, 1986, the Federation had filed an unfair labor practice charge against the District, charging that the District had engaged in bad-faith bargaining by "declaring its belief that the promotion and vacancy clause contained in the parties' collective bargaining agreement [was] invalid." The executive director of the Board, on June 12, 1986, issued a complaint alleging that the District had violated sections 14(a)(1) and 14(a)(5) of the Act. Ill. Rev. Stat. 1985, ch. 48, pars. 1714(a)(1), (a)(5).

On July 1, 1986, the District filed an answer, requesting dismissal of the complaint and claiming that the Board lacked jurisdiction over the matter due to the pendency of the proceedings in the circuit court. The hearing officer denied the District's request to dismiss on July 14, 1986.

On August 7, 1987, the hearing officer issued a recommended decision and order, finding that the District had violated sections 14(a)(1) and 14(a)(5) of the Act and ordering the District to, *inter alia*, accept the Board's primary jurisdiction to decide issues relating to the proper scope of collective bargaining and bargain collectively in good faith with the Federation concerning "the wages, hours, and terms and conditions of employment of such employees."

The District, on August 21, 1987, filed exceptions and a request for review of the hearing officer's recommended decision. We have not been apprised of any further developments in the Federation's administrative action against the District.

■ As a preliminary matter, we note that the Federation's motion to vacate or clarify the circuit court's judgment was timely filed; hence, the filing of a notice of appeal within 30 days of the trial

court's denial of that motion properly brings the matter before this court.

The trial court rendered judgment on August 28, 1986. Pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203), the Federation had 30 days from that date to file a motion for reconsideration. Thirty days from August 28 fell on Saturday, September 27. Therefore, the Federation had until Monday, September 29, 1986, to file its motion. (See Ill. Rev. Stat. 1985, ch. 1, par. 1012.) The Federation's motion for reconsideration was mailed on that day; however, it was not received and filed until September 30, 1986. We have held that a post-trial motion mailed within the statutory filing period is timely notwithstanding that the circuit court did not receive the motion until after the filing period had expired. (*In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 493 N.E.2d 1088; *A. S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 450 N.E.2d 1356.) In light of *Morse*, the parties agree that the motion for reconsideration was timely filed in the circuit court.

The Federation's motion was denied on November 20, 1986. The Federation filed notice of appeal on December 8, 1986, well within the applicable 30-day filing period. The appeal is timely.

The cause before us essentially presents two issues for our consideration: whether the circuit court had jurisdiction over the parties' dispute; and whether the doctrine of nondelegability survived the passage of the Illinois Educational Labor Relations Act. If the answer to the second question is affirmative, then a third issue arises: where nondelegability conflicts with the provisions of the Act, which shall prevail? We need only address the jurisdictional issue. Based upon the reasoning which follows, we believe that the legislature intended that the Illinois Educational Labor Relations Board should have primary exclusive jurisdiction over this type of dispute.

■ An examination of the Act reveals an elaborate dispute resolution process covering all phases of the employer-employee relationship, from contract negotiations to interpretation of a signed agreement, including grievances that arise under the agreement. Pursuant to section 10(a) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1710(a)), the parties are required to bargain in good faith and failure to do so constitutes an unfair labor practice actionable under section 14(a)(5) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1714(a)(5)). If the parties cannot reach an agreement, section 12 of the Act provides for impasse procedures utilizing the services of a mediator. (Ill. Rev. Stat. 1985, ch. 48, par. 1712.) Once an agreement is reached, disputes con-

cerning the administration or interpretation of the agreement are resolved through the grievance resolution procedure in the agreement, which must provide for binding arbitration of unresolved disputes (*Chicago Board of Education v. Chicago Teachers Union* (1986), 142 Ill. App. 3d 527, 491 N.E.2d 1259) concerning the administration or interpretation of collective bargaining agreements. Ill. Rev. Stat. 1985, ch. 48, par. 1710(c).

The District has bypassed the dispute resolution procedures provided in the Act and in the parties' collective bargaining agreement by means of an imaginative procedural maneuver. Although the parties clearly had not reached agreement on the issue of promotion, transfer, and job elimination, the District signed an agreement containing the contested provision, then persuaded the Federation to sign a memorandum acknowledging the District's right to challenge the legality of the provision. The District then challenged the legality of the provision it had agreed to by initiating an action for declaratory relief requesting that the circuit court declare the provision "illegal and void." The circuit court, after denying motions to dismiss raising its lack of jurisdiction, granted the relief the District had requested and declared the provision "illegal and void," striking it from the agreement.

We do not believe that the legislature intended such a result. The comprehensive dispute resolution procedures provided in the Act indicate that the legislature intended for the provisions of the Act to serve as the exclusive means to resolve disputes between educational employers and employees. The Act states that unresolved disputes are injurious to the public "and the General Assembly is therefore aware that adequate means must be established for minimizing them and providing for their resolution." (Ill. Rev. Stat. 1985, ch. 48, par. 1701.) The Act provides the means to resolve educational labor disputes. This matter should have been dealt with through the impasse procedures of section 12 or, later, through arbitration.

■ In argument, the District claimed that it filed the complaint for declaratory relief in an effort to avoid violating the contract or filing an unfair labor practice charge against the teachers. The District implied that it was in some way attempting to avoid conflict by utilizing the procedure it followed here. If that was so, it has certainly failed in its attempt and we find little to applaud in the effort. As a result of the District's actions, the controversy is now before this court *and* the Illinois Educational Labor Relations Board. The matter could yet be appealed to the Appellate Court, Fourth District, and the decision of that court and this court could ultimately be ap-

pealed to the supreme court. This is certainly not conducive to the economical use of judicial resources or the development of a uniform body of law.

Had the District wished to test the validity of the provision, it need only have given notice that it interpreted the provision as an illegal delegation of authority and that it intended to disregard the provision. Under the terms of the parties' collective bargaining agreement, such an action would have allowed the Federation to file a complaint under the grievance procedures of the contract and would have started that process in motion. Ultimately, the issue would probably have gone to arbitration.

The District would then have been within its rights to refuse discussion and await a hearing before the Board or go to the arbitrator, questioning jurisdiction, with the right to appeal the jurisdictional issue to the Board, and then the appellate court of the judicial district in which the Board maintains its principal office. (See *Board of Education v. Compton* (1987), 157 Ill. App. 3d 439, 510 N.E.2d 508.) As that court stated in *Compton*:

> "We come to the conclusion that there is a legislative interest in streamlining the litigation proceedings governing public education. The advantage to educational employers and employees in having a statewide center of interpretations and decisions is obvious. If every circuit court can be used to question arbitration jurisdiction, necessarily interpreting the effect of the various terms of collective-bargaining agreements, there will be a lack of consistency. Early resolve of educational labor disputes will not be possible." (157 Ill. App. 3d at 443, 510 N.E.2d at 511.)

We believe that this observation, of the court statutorily directed to review decisions of the Board and interpret the Act, applies to the factual circumstances of the case before us. Contrary to the circuit court's pronouncements otherwise, it has no jurisdiction to determine whether a particular matter is arbitrable.

The circuit court in this case voided the parties' contractual provision, holding that it was illegal as violating nondelegability, then ordered them to continue bargaining over issues of promotion, transfer, and job elimination—matters which, under the nondelegability doctrine, were exclusively within the District's power to control and over which the Federation could not seek to impose restrictions. Under the circumstances, the court's ruling would seem to be logically inconsistent. The circuit court's disposition of this case points up the need for consistent interpretations and reinforces our conclusion that

522

the legislature intended that the Board have exclusive primary jurisdiction subject to review by the Appellate Court, Fourth District.

For the reasons set forth, we agree with defendant-appellant's position that the circuit court lacked jurisdiction.

Vacated.

CALVO and WELCH, JJ., concur.