BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY *et al.*, Plaintiffs-Appellees, v. THE DEPARTMENT OF HUMAN RIGHTS *et al.*, Defendants-Appellants.

Fifth District   No. 5—88—0446

Opinion filed October 18, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General,, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellants.

Shari R. Rhode and Denise E. Gale, both of Carbondale, and Theodore R. Leblang and M. Douglass Henderson, both of Springfield, for appellees.

Byron H. Higgins, of University of Illinois, of Urbana, for *amicus curiae*.

JUSTICE LEWIS delivered the opinion of the court:

The defendants, Illinois Department of Human Rights (hereafter referred to as the Department), together with Joyce E. Tucker, Freddie Gatewood, and Stanley R. Moen, in their official capacities, appeal from a default judgment for permanent injunction entered by the circuit court in favor of the plaintiffs, Board of Trustees of Southern Illinois University, David White, Jim Bramlet, Richard Moy and Terry Travis. In view of our disposition of this appeal, we need consider only one of the two issues presented: whether the defendants' answer and entry of appearance were timely filed by virtue of having been deposited in the mail prior to the date of appearance to answer specified in the summons although not received in the office of the circuit clerk until after the date so specified.

On April 18, 1988, the plaintiffs filed a complaint for writ of prohibition against the defendants, contending that the Department lacked jurisdiction to investigate a charge of unlawful discrimination made by a student concerning suspension or dismissal from an academic program at an institution of higher education. In the complaint plaintiffs sought to restrain and prohibit the defendants from conducting any proceedings in the matters of two students who had filed charges alleging racial discrimination in their treatment as students while enrolled in academic programs at Southern Illinois University at Carbondale. The summons, duly served on April 20, 1988, required the defendants to appear before the court at 1:30 p.m. on June 2, 1988, to answer the complaint. Thereafter on April 22, 1988, plaintiffs filed a motion for preliminary injunction, served upon the defendants, seeking to enjoin proceedings by the Department concerning the

charges of racial discrimination brought by the two students in question. On April 29, 1988, the trial court conducted a hearing on the motion at which no one appeared on behalf of the defendants. Following the hearing, during which one witness testified for the plaintiffs, the trial court granted the plaintiffs' motion in an order that stayed all proceedings in the matters filed with the Department by the two students. According to the certificate of service, on June 1, 1988, the defendants deposited in the mail their entry of appearance and answer, serving a copy of each upon the plaintiffs' attorneys by mailing the copies on that date. On June 2, 1988, counsel for plaintiffs appeared before the trial court at the hour designated in the summons. No one appeared on behalf of the defendants. After waiting until 2 p.m., the trial court conducted the hearing, at which counsel for the plaintiffs presented their position concerning the absence of jurisdiction of the Department in such matters. At the conclusion of the hearing, the trial court stated that the relief sought by the plaintiffs in their complaint would be granted and directed counsel for the plaintiffs to prepare an order to that effect. In an entry for that date on the record sheet, the court stated that no answer was in the file and that the defendants were in default. On June 3, 1988, the defendants' entry of appearance and answer were file stamped by the circuit clerk. On June 9, 1988, the trial court entered an order for permanent injunction, which was filed on June 10, 1988. The order enjoined the Department and its agents and employees from proceeding with their investigation and processing of the matter of each of the two students.

Thereafter, on June 17, 1988, the defendants through their attorney filed a motion to vacate the judgment for permanent injunction. In the motion, the attorney, who was the same assistant Attorney General who had earlier filed his entry of appearance on behalf of the defendants and had answered for them, stated that on May 16, 1988, he had been assigned to represent the defendants in this matter and that he had immediately contacted one of plaintiffs' attorneys to inform them that the matter had been received by the Attorney General's office and to determine the disposition of the hearing had on April 29, 1988. Thereafter, pursuant to his request, he had received a copy of the order granting preliminary injunction. In the motion counsel stated the facts, set forth above, concerning the mailing and filing of defendants' entry of appearance and answer. Counsel stated further that on June 16, 1988, he had received a copy of the order for permanent injunction entered on June 9, 1988. Following a hearing the trial court entered an order on June 23, 1988, denying the defend-

ants' motion to vacate, and this appeal followed.

The defendants contend that filing of their entry of appearance and answer were effective at the time of mailing on June 1, 1988, prior to the time specified in the summons. They maintain that, as a result, the trial court improperly entered default judgment against them and that the judgment must, therefore, be vacated.

Recently, in *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 533 N.E.2d 1072, the supreme court held that notices of appeal mailed within the requisite 30-day period but received thereafter are timely filed, noting that the issue has been the subject of controversy among different panels of the appellate court. The court observed that while older case law has held that papers are not filed until actually committed to the control and custody of the clerk, more recent authority suggests that the rule should be modified to take into account the widespread practice of filing documents by mail. The court considered Supreme Court Rule 373 (107 Ill. 2d R. 373), which provides that, if records, briefs, or other papers required to be filed within a specified time in the reviewing court are received after the due date, the time of mailing shall be deemed the time of filing. The court concluded that Rule 373

> "evinces a general policy of equating mailing and filing dates, particularly with respect to appellate practice. The reason for this is that Rule 373 'was designed to make it unnecessary for counsel to make sure that briefs and other papers mailed before the filing date actually reach the reviewing court within the time limit.' (107 Ill. 2d R. 373, Committee Comments, at 476.) A notice of appeal, unlike many other papers filed in the circuit court, is closely related to the appellate process; when timely filed it divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. (*Lombard v. Elmore* (1986), 112 Ill. 2d 467, 471-72.) It is therefore appropriate that the pro-mailing policy of Rule 373 should be applied to the filing of a notice of appeal under Rule 303(a). Moreover, a liberal pro-mailing policy is more equitable, since it places smaller firms which may lack telefax machines and messenger services on an equal footing with their larger competitors." (*Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 341-42, 533 N.E.2d at 1078.)

The court stated that it expressed no opinion as to whether the same policy would apply to other papers filed in the circuit court, such as post-trial motions.

Prior to the decision in *Harrisburg-Raleigh*, we determined in *In*

*re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 493 N.E.2d 1088, that deposit of a post-trial motion in the mail constituted filing of the motion pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203). In *Morse* the post-trial motion, which, in order to have been timely, had to have been filed on January 18, 1985, bore a proof of service stamp stating that the motion had been placed in the mail on January 18, 1985. The motion was postmarked January 19, 1985, and was not filed by the clerk of the circuit court until January 21, 1985. Earlier, in *A.S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 450 N.E.2d 1356, the court had held that the mailing of a post-trial motion on the 29th day after entry of the final order was timely, notwithstanding that the circuit court did not receive the motion until the 31st day after entry of the final order. Concluding in *Morse* that a proof of service date was sufficiently analogous to an affidavit attesting to the mailing date so as to extend the reasoning in *Schulman* to *Morse*, we held that the post-trial motion in *Morse* was timely filed.

Thereafter, in reliance upon *Morse* and prior to the decision of the supreme court in *Harrisburg-Raleigh Airport Authority*, we held in *People v. Simmons* (1987), 164 Ill. App. 3d 205, 517 N.E.2d 1106, that a motion to withdraw pleas was timely when mailed within 30 days of sentencing but received by the circuit court one day thereafter. Similarly, in *Board of Education v. Benton Federation of Teachers* (1988), 165 Ill. App. 3d 514, 518 N.E.2d 1257, we noted, citing *Morse* and *Schulman*, that a motion to vacate or clarify the judgment of the trial court was timely filed when mailed on the final day of the statutory filing period but received by the circuit court after the filing period had expired.

By way of comparison we note the reasoning expressed in *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 500 N.E.2d 692, which distinguished the filing of documents in a pending case, as is in issue in the instant case, from the filing of a petition or other initial pleading that constitutes the initiation of an action. In *Wilkins* a petition for relief from a final judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), required to be filed within a two-year period, was mailed to the circuit clerk within the two-year period but was not received until the period had expired. The court acknowledged that the weight of recent authority evinces a policy favoring acceptance of the date of mailing, rather than the date of receipt, as the date of filing with the clerk of the circuit court certain documents, such as a post-trial motion or a notice of appeal. The court observed, however, that the policy had

never been applied to the filing of pleadings such as a complaint or a section 2—1401 petition. Describing the latter as the initiation of a new action, the court held the actual filing date of a section 2—1401 petition to be the date on which it is received and stamped by the circuit clerk's office rather than the date on which it is mailed.

■■ ■ In view of the widespread practice of filing documents by mail and the risks associated with delays in mail service, we think that the policy of equating mailing and filing dates adopted with respect to notices of appeal as well as some other papers filed in the circuit court should apply to the filing of an entry of appearance and answer. Therefore, we hold that the defendants' entry of appearance and answer were timely filed when deposited in the mail prior to the date of appearance to answer specified in the summons but received in the office of the circuit clerk after that date. As a consequence, default judgment was improperly entered against the defendants, and we reverse the judgment and remand the cause for further proceedings.

We note that at the close of the hearing conducted on June 2, 1988, after having heard the argument of only the plaintiffs, the trial court expressed views concerning the merits of the cause of action that were favorable to the plaintiffs. However, the comments were made without benefit of argument on behalf of the defendants. Although the defendants indicated at oral argument that they would accept a ruling on the merits of the cause by this court, they are entitled to such a determination by the trial court after it has been afforded a full presentation of the position of all parties to the litigation.

Reversed and remanded.

HARRISON and CHAPMAN, JJ., concur.