MARY ANN KELLY, Plaintiff-Appellant, v. DAN MAZZIE *et al.*, Defendants-Appellees.

Second District   No. 2—90—0356

Opinion filed December 27, 1990.

Patrick S. Moore, of Law Office of Patrick S. Moore, Ltd., of Chicago, for appellant.

D. Kendall Griffith, Stephen R. Swofford, and Thomas A. Brabec, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, and Robert G. Black, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Lisle, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Mary Ann Kelly, appeals from an order of the circuit court of Du Page County dismissing her complaint against the defendants, Dan and June Mazzie, with prejudice. On appeal, the plaintiff contends that the trial court erred in determining that (1) the complaint was not filed within the applicable limitations period and (2) the plaintiff did not exercise due diligence in serving the summons and complaint upon the defendants.

The plaintiff allegedly was injured in a fall on the defendants' property on February 2, 1987. The plaintiff filed her complaint against the defendants in the circuit court on March 16, 1989, and served the summons and complaint on November 29, 1989. Subsequently, the defendants filed two motions to dismiss. One was based on section 2—619(a)(5) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)) and alleged that the complaint had not been filed within the two-year limitations period applicable to personal injury actions. The other was based on Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) and alleged that the plaintiff had not exercised diligence in obtaining service on the defendants and that service had not been accomplished until more than eight months after the complaint was filed.

In response to the section 2—619(a)(5) motion, the plaintiff's attorney alleged that he had mailed the complaint to the clerk of the circuit court for filing on January 25, 1989, within the limitations period. The clerk of the court never returned a file-stamped copy of the complaint, however, so on March 16, 1989, the plaintiff's attorney checked the status of the complaint with the clerk and discovered that no such complaint had ever been received and filed. He filed the complaint that day.

In ruling on that motion, the trial court accepted as true the plaintiff's attorney's representations concerning the January 25, 1989, mailing of the complaint. The court ruled that, although the complaint was mailed during the limitations period, it was not received by the clerk until after the limitations period had expired and, therefore, was not timely filed.

On appeal, plaintiff contends that, where a complaint is mailed within the limitations period but is not received by the circuit clerk

until the period has expired, the date of filing should be held to relate back to the date of mailing.

Section 13—202 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—202) provides that all actions for damages for an injury to a person shall be commenced within two years next after the cause of action accrued. Section 2—201 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—201) provides that an action is commenced by the filing of a complaint. Although, traditionally, a document has not been considered "filed" until it is actually committed to the custody and control of the clerk (see *People ex rel. Pignatelli v. Ward* (1949), 404 Ill. 240, 245), there is a trend toward accepting the date of mailing certain documents to the court as the date of filing (see, *e.g., Board of Trustees of Southern Illinois University v. Department of Human Rights* (1989), 190 Ill. App. 3d 644 (concerning filing of appearance and answer)). The question is whether this trend should be extended to include complaints.

Although a section 2—1401 petition, and not a complaint, was at issue in *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, that case implicitly answers the question presented here. In *Wilkins*, the section 2—1401 petition was mailed within the two-year period but received by the clerk after the period had expired. In determining whether the petition was timely, the court stated:

> "Although the weight of recent authority evinces a policy favoring the acceptance of the mailing date rather than the receiving date of certain documents, such as a post-trial motion or a notice of appeal, as the filing date of those documents with the clerk of the circuit court [citations], this policy has never been applied to the filing of pleadings such as a complaint or a section 2—1401 petition." 149 Ill. App. 3d at 553.

The court determined that, unlike the filing of a document in a pending action, the filing of a section 2—1401 petition is the initiation of a new action, and "[l]ike a complaint, it must be sufficiently pleaded to notify the opposition of the cause of action and must be filed within a certain period of time to avoid staleness." (149 Ill. App. 3d at 554.) The court concluded that the actual filing date of a section 2—1401 petition is the date when it is received and stamped by the circuit clerk's office. 149 Ill. App. 3d at 554.

Regarding the filing of a complaint, we now make explicit what is implicit in *Wilkins*: the filing date of a complaint is the date it is received by the circuit clerk. In the first place, the Code does not contain a "mailbox rule" for filing complaints in the circuit court. Moreover, as *Wilkins* suggests, a complaint stands on a different

footing from other documents. The filing of a complaint implicates the statute of limitations; a cause of action not commenced within the applicable limitations period is barred. Defendants have a right to rely on the certainty the statute provides, and adoption of the rule plaintiff urges would destroy that certainty. In essence, plaintiff's rule would extend the statute of limitations for that period of time during which the complaint was en route to the clerk via the post office, however long that took. In this case, the complaint never arrived via the post office. We decline to inject this kind of uncertainty into the litigation process. Personal injury plaintiffs have two years in which to file their complaints; requiring them to comply with the "actual receipt" rule is not an unwarranted burden.

The plaintiff points out that in *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, our supreme court took note of the widespread practice of filing documents by mail and of the modern trend toward equating time of mailing with actual receipt and held that when a notice of appeal is mailed within the requisite 30-day period but received thereafter by the circuit clerk, the date of mailing the notice shall be deemed the date of filing. The plaintiff asserts that, whereas filing a notice of appeal vests jurisdiction in the appellate court and filing a complaint vests jurisdiction in the trial court, the same filing rule should apply to both. We disagree.

In the *Harrisburg-Raleigh* case, the court reasoned that a "notice of appeal, unlike many other papers filed in the circuit court, is closely related to the appellate process"; the court concluded that it was "therefore appropriate that the promailing policy of [Supreme Court] Rule 373 [107 Ill. 2d R. 373 (the time of mailing papers to the appellate court deemed the time of filing)] should be applied to the filing of a notice of appeal [in the circuit court] under Rule 303(a)." (126 Ill. 2d 341-42.) The court specifically declined, however, to express an opinion as to whether the same policy would apply to other papers filed in the circuit court.

In *Harrisburg-Raleigh*, the supreme court was construing Rules 303 and 373, rules promulgated by the court itself and applicable only to appeals. Supreme court rules are not at issue here; provisions of the Code of Civil Procedure are at issue here, and the legislature has not included a "promailing" provision in the Code which would affect civil filing requirements. The holding in *Harrisburg-Raleigh* does not compel the result plaintiff urges.

■ The complaint was not received by the circuit clerk until after the limitations period had expired; the action was time barred, and the dismissal was proper.

In light of our disposition of this issue, we need not address the trial court's alternative ruling granting the motion to dismiss pursuant to Supreme Court Rule 103(b).

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and McLAREN, JJ., concur.