THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES ALDRIDGE, Defendant-Appellant.

First District (6th Division)   No. 1—91—0473

Opinion filed September 13, 1991.

Randolph N. Stone, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE EGAN delivered the opinion of the court:

The defendant, Charles Aldridge, entered a plea of guilty to burglary on October 25, 1990, and was sentenced to three years' imprisonment. On November 30, 1990, the clerk of the circuit court file stamped the defendant's *pro se* motion to vacate his guilty plea. According to the defendant's certificate of service, he mailed his motion on November 23, 1990. On December 7, 1990, the court entered its order finding that the defendant had filed his motion to withdraw the plea after the statutory time limit of 30 days had run. The court held that the date the clerk received the motion was controlling, not the date the motion was filed. The question of which date controls posthearing motions in criminal cases has not been decided in this district.

Illinois Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) reads in part as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment."

The Illinois Supreme Court has held that notices of appeal mailed within the 30-day period and received thereafter are timely filed.

*(Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 533 N.E.2d 1072.) The court stated, however, that it expressed no opinion as to whether this policy would apply to other papers filed in the circuit court, such as post-trial motions.

In *People v. Pagel* (1990), 197 Ill. App. 3d 305, 553 N.E.2d 1110, the defendant pleaded guilty on January 17, 1989. The proof of service indicated that the defendant mailed his motion to withdraw his plea of guilty on February 16, 1989. The envelope containing the motion was postmarked February 17, 1989, the 31st day after sentencing. The motion was stamped by the clerk on February 21, 1989. The State argued that the postmark date controlled. Implicitly the State conceded that the date the clerk received the motion was not decisive. The Fourth District Appellate Court agreed with the defendant's argument that the date alleged in the affidavit of proof of service controlled.

In *People v. Easley* (1990), 199 Ill. App. 3d 179, 556 N.E.2d 802, the defendant was sentenced on May 16, 1989, on his plea of guilty. On June 14, 1989, he prepared a motion to reduce sentence. His verified proof of service stated that on June 14, 1989, he deposited the motion in the United States Mail at the correction center where he was incarcerated. A Department of Corrections mailing voucher indicated that the defendant signed a voucher on June 15, 1989, directing that an unspecified amount be charged to his account for "legal mailing" which was required to go out. Accompanying the voucher was a verified letter from the defendant to the trial judge stating that on June 15, 1989, the defendant put an envelope containing the motion in a mailbag provided for his unit but that the mail did not go out until June 19, 1989. The clerk of the court received the motion on June 20, 1989. Again, the Fourth District Appellate Court, relying on *Pagel*, upheld the timeliness of the motion.

In *People v. Simmons* (1987), 164 Ill. App. 3d 205, 517 N.E.2d 1106, the defendant was sentenced on his plea of guilty on January 25, 1986. He filed a motion to withdraw his plea of guilty on February 22, 1986. The motion was received by the circuit court on February 25, 1986. The proof of service was dated February 21, 1986, and the envelope containing the motion had the Menard Correctional Center's mail-stamp date of February 22, 1986. The Fifth District Appellate Court reversed the order dismissing the motion and held that the motion had been timely filed.

The second district of this court has held that the mailing of a civil post-trial motion on the 29th day after the entry of summary judgment was timely, notwithstanding that the clerk of the court did

not receive it until the 31st day. (*A.S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 450 N.E.2d 1356; but see *Kelly v. Mazzie* (1990), 207 Ill. App. 3d 251, 565 N.E.2d 719; *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 500 N.E.2d 692.) In *Kelly* the Second District Appellate Court held that the date of the filing of a complaint controlled; in *Wilkins* the same court held that the date of a filing of a section 2—1401 petition controls. Both *Kelly* and *Wilkins* acknowledged that the " 'weight of recent authority evinces a policy favoring the acceptance of the mailing date rather than the receiving date of certain documents *** as the filing date of those documents.' " (*Kelly*, 207 Ill. App. 3d at 253, quoting *Wilkins*, 149 Ill. App. 3d at 553.) In both *Kelly* and *Wilkins*, however, the timeliness of the motions was not recognized because both the complaint and the section 2—1401 petitions involved a statute of limitations.

The first district has held controlling the date a section 2—1301 motion to vacate was received by the clerk. *Cruz v. Columbus-Cuneo-Cabrini Medical Center* (1990), 194 Ill. App. 3d 1037, 551 N.E.2d 1345.

■ We recognize that we are not bound to follow the decisions of the appellate courts of other districts in this State. (*Roby v. Illinois Founders Insurance Co.* (1978), 57 Ill. App. 3d 89, 372 N.E.2d 1097.) For the purpose of criminal appeals, however, we choose to follow the liberal view of the fourth and fifth districts and conclude that because defendant's proof of certificate of service recited a timely mailing date, the defendant's motion for withdrawal of his guilty plea was timely. In our judgment this construction avoids an unduly harsh and unjust result. Any other result would allow defendants in certain parts of the State to vacate their guilty pleas under certain circumstances while those in other parts could not.

For these reasons, this cause is remanded to the circuit court with directions to vacate the order of dismissal, to consider the motion to withdraw the plea of guilty and to take whatever action the circuit court deems necessary. *People v. Simmons* (1987), 164 Ill. App. 3d 205, 517 N.E.2d 1106.

Remanded with directions.

RAKOWSKI, P.J., and LaPORTA, J., concur.