ARTHUR PAKROVSKY *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF LAKEMOOR, Defendant-Appellant.

Second District   No. 2—95—0170

Opinion filed August 24, 1995.

Michael K. Noonan, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant.

Theodore A.E. Poehlmann, of Law Office of Theodore A.E. Poehlmann, P.C., of Woodstock, for appellees.

JUSTICE COLWELL delivered the opinion of the court:

The defendant, the Village of Lakemoor, appeals the circuit court's order granting the plaintiffs' motion to strike. The defendant contends that the notice of rejection of the arbitration award should be deemed filed when it was mailed. We reverse and remand.

The plaintiffs commenced this action to recover for property damage to their home. The plaintiffs asserted that the defendant's negligent maintenance and operation of its sewage system caused the damage. After the plaintiffs filed their third amended complaint, the matter proceeded to an arbitration hearing. On September 23, 1994, the arbitrators entered an award in favor of the plaintiffs for $8,699.43. On October 25, 1994, the defendant's notice of rejection of

the award and notice of filing were stamped as filed by the clerk of the court. The notice of filing is dated October 21, 1994, and signed by the defendant's attorney.

The plaintiffs filed a motion to strike the rejection of the arbitration award on November 2, 1994. In their motion to strike, the plaintiffs asserted that the defendant failed to file the notice of rejection of the award within 30 days as required by Supreme Court Rule 93(a) (145 Ill. 2d R. 93(a)). The defendant filed a response to the motion to strike on November 7, 1994. The response included the affidavit of Valerie Laffin. In the affidavit, Ms. Laffin stated that she mailed the notice of rejection of award before 5 p.m. on October 21, 1994, with proper postage. On January 20, 1995, the circuit court granted the plaintiffs' motion to strike and entered judgment for the plaintiffs in the amount of $8,699.43.

■ On appeal, the defendant argues that the filing of the notice of rejection occurred on the date the notice was mailed, thereby bringing the filing of the notice within the 30-day period prescribed by Supreme Court Rule 93(a). Rule 93(a) provides in pertinent part:

> "Within 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties." (Official Reports Advance Sheet No. 8 (April 14, 1993), R. 93(a), eff. June 1, 1993.)

Thus, the issue before the court is whether a notice of rejection is filed on the date it is mailed or on the date it is received and stamped by the clerk of the court.

Our supreme court addressed the issue of the timely filing of notices of appeal in *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326. In holding that a notice of appeal is timely filed if mailed within the prescribed period, the court stated:

> "Our conclusion follows from a reading of the words 'filed with the clerk of the circuit,' considered in the light of modern policies and practices. *** And while older case law has held that papers are not filed until actually committed to the control and custody of the clerk [citation] more recent authority suggests that this rule should be modified to take into account the widespread practice of filing documents by mail." (*Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 340.)

The court noted that the modern policy is to equate the time of mail-

ing with the time of filing. Nevertheless, the court manifestly refused to decide whether the policy applied to notices of appeal would also apply to other documents filed in the circuit court. *Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 342.

Except for the filing of complaints and the filing of petitions pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1994)), the appellate court has consistently held that documents mailed to the circuit court within the requisite time period but received thereafter are timely filed. In *A.S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, this court held that a post-trial motion mailed within 30 days of the entry of summary judgment but received by the clerk on the 31st day was timely. Relying upon *Schulman*, the court in *In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, held that a post-trial motion was timely filed when the proof of service date, but not the postmarked date, was within the 30-day period. In light of *Schulman* and *Morse*, the court in *Board of Education, Benton Consolidated School District No. 47 v. Benton Federation of Teachers, Local 1956* (1988), 165 Ill. App. 3d 514, held that a motion to vacate the judgment mailed within the requisite time period but received thereafter was timely filed. In ruling that the mailing date was equivalent to the filing date for the entry of an appearance and answer, the court in *Board of Trustees of Southern Illinois University v. Department of Human Rights* (1989), 190 Ill. App. 3d 644, noted that filing documents by mail is common and that there are risks associated with delays in mail service.

In *People v. Aldridge* (1991), 219 Ill. App. 3d 520, the court held that the defendant's motion to withdraw his guilty plea was timely since the proof of service recited a timely mailing date, even though the clerk did not receive the motion until after the expiration of the time limit. Likewise, in *People v. Johnson* (1992), 232 Ill. App. 3d 882, the court ruled that the controlling date for the filing of a post-conviction petition was the mailing date, not the date the court clerk received the petition.

However, we are mindful that this court has held that for complaints and section 2—1401 petitions the filing date is the date the documents are received by the court's clerk. In *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, we held that a section 2—1401 petition is filed on the date the document is received by the clerk of the court. The court conceded that the weight of recent authority favors accepting the mailing date as the date of filing. However, the court went on to recognize that this policy had never been applied to the filing of pleadings such as complaints and section 2—1401 petitions. In reaching its decision, the court reasoned that, as opposed to the

filing of documents in a pending case, a section 2—1401 petition is the commencement of a new action. Therefore, like a complaint, a section 2—1401 petition "must be sufficiently pleaded to notify the opposition of the cause of action and must be filed within a certain period of time to avoid staleness." *Wilkins*, 149 Ill. App. 3d at 554.

Similarly, in *Kelly v. Mazzie* (1990), 207 Ill. App. 3d 251, this court ruled that the filing date for a complaint is the date the clerk receives the document. The court reasoned that since an action is barred if not brought within the statute of limitations period, "[d]efendants have a right to rely on the certainty the statute provides, and adoption of the [mailing date] rule *** would destroy that certainty." *Kelly*, 207 Ill. App. 3d at 254.

■ Relying on *Wilkins*, the plaintiffs in the present case ask the court to rule that the date of receipt of the notice of rejection should control because the notice of rejection commences the case in the circuit court. We reject the plaintiffs' argument. The case at bar differs substantially from *Wilkins* and *Kelly*. In the present case, the plaintiffs filed a complaint in the circuit court, and the case then proceeded to arbitration. The notice of rejection of the arbitration award simply allows the parties to proceed to trial. The filing of a notice of rejection is not the commencement of a new cause of action and, therefore, is not similar to the filing of a complaint or a section 2—1401 petition. Unlike the filing of the complaint, the filing of a notice of rejection does not implicate the statute of limitations. Accordingly, the special circumstances in *Wilkins* and *Kelly* are not applicable to this case.

We recognize that court documents are often filed by mail and that there are sometimes delays in mail service. Furthermore, the weight of authority clearly favors equating the mailing date with the filing date for court documents which do not commence a new cause of action. Therefore, we conclude that a Rule 93(a) notice of rejection is timely filed where the notice is mailed within the 30-day period but received thereafter.

We reverse the order of the circuit court of McHenry County and remand the cause for further proceedings.

Reversed and remanded.

GEIGER and BOWMAN, JJ., concur.