SIXTH DIVISION
May 18, 2007

No. 1-06-1702

TERRANCE WILSON,                )
                                            )
         Plaintiff-Appellant,       )       Appeal from the
                                            )       Circuit Court of
v.                                  )       Cook County, Illinois.
                                            )
ROBERT BRANT, Individually and as agent)    No. 05 L 14260
of Star Transportation Company, and STAR   )
TRANSPORTATION COMPANY,        )       Honorable
                                            )       Robert Lopez Cepero
         Defendants-Appellees.)    Judge Presiding.
                                            )

JUSTICE JOSEPH GORDON delivered the opinion of the court:

## I.  BACKGROUND

On June 4, 2002, plaintiff, Terrance Wilson, filed an original, timely complaint against defendants, Robert Brant and Star Transportation Company (Star), alleging that on December 18, 2000, Brant negligently caused an automobile accident resulting in injuries to Wilson.  That case was proceeding through the discovery stage when Wilson's counsel withdrew.  On December 7, 2004, Wilson obtained a voluntary dismissal pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2004)).  On December 7, 2005, after securing new counsel, Wilson attempted to refile his complaint pursuant to section 13-217 (735 ILCS 5/13-217 (West 2004)) by sending a complaint, notice of filing and proof of service through the regular United States mail to the Cook County circuit court clerk's office and the defendants.  Wilson's documents were file stamped by the Cook County circuit court clerk on December 20, 2005.

On February 2, 2006, defendants brought a motion to dismiss pursuant to section 2-

619(a)(4) (735 ILCS 5/2-619(a)(4) (West 2004)), contending that Wilson had not refiled in a timely manner. On March 30, 2006, the circuit court granted defendants' motion. Wilson then brought a motion to reconsider, which the circuit court denied on May 16, 2006. This appeal followed.

On appeal, Wilson contends that the "trend in Illinois" is to construe the mailing date as the date of filing and that this trend should be extended to where a plaintiff refiles a complaint after taking a voluntary dismissal. Wilson also contends that refiling a complaint pursuant to section 13-217 (735 ILCS 5/13-217 (West 2004)) is unlike the initial filing of a complaint under section 2-201 (735 ILCS 5/2-201 (West 2004)), which is not considered filed by mailing. Wilson also cites to Supreme Court Rules 12 (145 Ill. 2d R. 12) and 373 (155 Ill. 2d R. 373) to support his position that refiling a complaint after a voluntary dismissal can be accomplished via mail.

Defendants contend that refiling a complaint after a voluntary dismissal is essentially the same as the commencement of a new action pursuant to section 2-201, where it is clear that a complaint will not be considered filed until it is stamped by the clerk. For the reasons that follow, we agree with defendants and affirm the judgment of the circuit court.

## II. ANALYSIS

We initially note that Wilson has provided us with a deficient appellate record and has failed to comply with the requirements for appellant's briefs as described in Supreme Court Rule 342 (155 Ill. 2d R. 342). The circuit court's March 30, 2006, order granting defendant's motion to dismiss on the basis of timeliness, which is one of the orders Wilson appeals from, does not appear in the record or in the appendix to Wilson's brief. See 155 Ill. 2d R. 321 ("The record on appeal shall consist of the judgment appealed from"); 155 Ill. 2d R. 342 ("The appellant's brief

2

shall include *** a copy of the judgment appealed from ***").   Wilson has also neglected to include a copy of the notice of appeal in his appendix in violation of Rule 342.   Nevertheless, we note that there is no dispute as to the circuit court's March 30, 2006, order granting defendant's motion to dismiss, and that the May 16, 2006, order denying Wilson's motion for reconsideration is in the record and refers to the March 30 order.   Moreover, Wilson's notice of appeal, while not in the appendix, does appear in the record.   Therefore, we consider our mention of these deficiencies sufficient admonishment and are otherwise not deterred from considering the merits of Wilson's appeal.

Motions to dismiss pursuant to section 2-619 admit the legal sufficiency of the complaint but assert certain defects or defenses outside the pleading which defeat the claim.  Wallace v. Smyth, 203 Ill. 2d 441, 447, 786 N.E.2d 980, 984 (2002).  The standard of review on appeal from an order granting a section 2-619 motion to dismiss is *de novo*.  Wallace, 203 Ill. 2d at 447, 786 N.E.2d at 984.

Voluntary dismissals are governed by section 2-1009 of the Code, which states in pertinent part:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause."  735 ILCS 5/2-1009(a) (West 2004).

Section 13-217, sometimes called the "saving" statute, permits a plaintiff to refile an action that has been voluntarily dismissed within one year from the date of the dismissal.  Section

3

13-217 states in pertinent part:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater *** after the action is voluntarily dismissed by the plaintiff. 735 ILCS 5/13-217 (West 1994).

Under the foregoing provisions, it is clear that Wilson had until December 7, 2005, or one year after he took a voluntary dismissal, to commence a new action.[1] Wilson contends that he successfully filed within this time frame by placing his complaint in the mail on December 7, 2005, the last day available to him for filing. In support, he cites several cases where the mailbox rule has been applied, albeit with respect to filings made after the commencement of an action. See Holesinger v. Dubuque Feeder Pig Co., 104 Ill. App. 3d 39, 42-43, 432 N.E.2d 645, 649 (1982) (holding that a notice of appeal could be deemed filed on the day it was deposited in the mail); In re Marriage of Morse, 143 Ill. App. 3d 849, 852, 493 N.E.2d 1088, 1090 (1986) (holding that a posttrial motion was filed as of the date of mailing); Board of Education, Benton Consolidated School District No. 47, Franklin County v. Benton Federation of Teachers, Local No. 1956, 165 Ill. App. 3d 514, 519, 518 N.E.2d 1257, 1260-61 (1988) (holding that a posttrial motion for

---

[1]The limitations period on Wilson's cause of action expired prior to the time he took a voluntary dismissal.

4

reconsideration was timely filed when mailed on the thirtieth day after judgment); People v. Aldridge, 219 Ill. App. 3d 520, 523, 580 N.E.2d 158, 159 (1991) (holding that a motion to withdraw a guilty plea could be considered filed as of the mailing date); Board of Trustees of Southern Illinois University v. Department of Human Rights, 190 Ill. App. 3d 644, 649, 546 N.E.2d, 1039, 1042 (1989) (holding that a defendant's appearance and answer could be deemed filed on the date of mailing); Pakrovsky v. Village of Lakemoor, 274 Ill. App. 3d 515, 518, 654 N.E.2d 1081, 1083 (1995) (holding that the rejection of an arbitration award can be considered filed on the date of mailing).

Wilson acknowledges that the Illinois Appellate Court, in two specific cases, has refused to apply the mailbox rule to the filing of new actions: Wilkins v. Dellenback, 149 Ill. App. 3d 549, 500 N.E.2d 692 (1986), and Kelly v. Mazzie, 207 Ill. App. 3d 251, 565 N.E.2d 719 (1990). He cites no contrary cases deviating from Wilkins and Kelly, but attempts to distinguish these cases from the instant facts. As shall be discussed below, we find Wilson's distinctions unavailing.

In Wilkins, plaintiff brought a medical malpractice action against a physician which, after being transferred from Cook County to Kane County upon defendant's motion, was dismissed for want of prosecution on June 2, 1983. Wilkins, 149 Ill. App. 3d at 551, 500 N.E.2d at 693. On May 31, 1985, plaintiff mailed a section 2-1401 petition to vacate the dismissal order, but the petition was not filed by the clerk until June 4, 1985. Wilkins, 149 Ill. App. 3d at 551, 500 N.E.2d at 693. Defendant filed a motion contending that plaintiff's motion was not filed within the required two year time frame.

On appeal, the court noted:

"[A] [section 2-1401] petition *** is not a continuation of the original proceeding

5

but a commencement of a new cause of action. [Citations.] Like other pleadings, the petition must be in writing, filed with the clerk of the circuit court and made part of the record [citation], and as such is subject to motions to dismiss for failure to state a cause of action, and must be considered in the same manner as a civil complaint [citation]." Wilkins, 149 Ill. App. 3d at 553, 500 N.E.2d at 694-95.

The court then acknowledged:

"Although the weight of recent authority evinces a policy favoring the acceptance of the mailing date rather than the receiving date of certain documents, such as a post-trial motion or a notice of appeal, as the filing date of those documents with the clerk of the circuit court [citations], this policy has never been applied to the filing of pleadings such as a complaint or a section 2-1401 petition." Wilkins, 149 Ill. App. 3d at 553, 500 N.E.2d at 695.

A similar holding was reached in Kelly, 207 Ill. App. 3d 251, 565 N.E.2d 719. In Kelly, plaintiff alleged that on February 2, 1987, she was injured in a fall on defendant's property. Kelly, 207 Ill. App. 3d at 252, 565 N.E.2d at 720. Plaintiff alleged that she mailed a complaint to the clerk of the circuit court on January 25, 1989; however, the clerk never returned a file-stamped copy, so, on March 16, 1989, plaintiff went to the clerk's office and discovered that her complaint had never been received and filed. Kelly, 207 Ill. App. 3d at 252, 565 N.E.2d at 720. Plaintiff then filed the complaint that day. The circuit court granted defendant's section 2-619(a)(5) motion on the basis of timeliness, finding that the complaint was filed after the two-year statute of limitations had run. Kelly, 207 Ill. App. 3d at 252, 565 N.E.2d at 720. On appeal, the court cited Wilkins and then explicitly held: "[T]he filing date of a complaint is the date it is received by the

6

circuit clerk." <u>Kelly</u>, 207 Ill. App. 3d at 253, 565 N.E.2d at 721. While acknowledging the extension of the mailbox rule with regard to the filing of other papers, the court noted that the Code does not contain a mailbox rule for the filing of complaints. <u>Kelly</u>, 207 Ill. App. 3d at 254, 565 N.E.2d at 721. Further, the court noted:

"[A] complaint stands on a different footing from other documents. The filing of a complaint implicates the statute of limitations; a cause of action not commenced within the applicable limitations period is barred. Defendants have a right to rely on the certainty the statute provides, and adoption of the rule plaintiff urges would destroy that certainty. In essence, plaintiff's rule would extend the statute of limitations for that period of time during which the complaint was en route to the clerk via the post office, however long that took. In this case, the complaint never arrived via the post office. We decline to inject this kind of uncertainty into the litigation process. Personal injury plaintiffs have two years in which to file their complaints; requiring them to comply with the 'actual receipt' rule is not an unwarranted burden." <u>Kelly</u>, 207 Ill. App. 3d at 253-54, 565 N.E.2d at 721.

Wilson does not challenge the holdings in <u>Wilkins</u> and <u>Kelly</u> that the mailbox rule does not apply to the commencement of new actions, such as a section 2-1401 petition or an initial complaint. Rather, Wilson contends that refiling a case pursuant to section 13-217 is not a commencement of a new action, but a "re-commencement." We find this distinction to be superficial and without effect. Section 13-217 states that after taking a voluntary dismissal, a plaintiff "may *commence a new action* within one year." (Emphasis added.) 735 ILCS 5/13-217 (West 1994). The statute does not state, as Wilson suggests, that the plaintiff may "re-

7

commence" the same action. Moreover, the same rationale for denying an application of the mailbox rule, as articulated in Kelly and fully quoted above, would apply here.

That a complaint brought pursuant to section 13-217 is a new action is further supported by the fact that a circuit court judge assigned to a case brought pursuant to section 13-217 after a section 2-1009 voluntary dismissal has no jurisdiction to review the propriety of the order granting the dismissal. See Kahle v. John Deere Co., 104 Ill. 2d 302, 306, 472 N.E.2d 787, 789 (1984). Moreover, a party who takes a voluntary dismissal cannot then reinstate the initial case unless given leave to reinstate at the time of the dismissal. See Miller v. Bloomberg, 60 Ill. App. 3d 362, 364, 376 N.E.2d 748, 749 (1978) ("[T]he party who takes a voluntary nonsuit or dismissal is equitably estopped from thereafter vacating the order of dismissal or reinstating the cause, unless he has been given leave to reinstate at the time of the dismissal, and his only recourse is to commence a new action").

Wilson also contends that Illinois Supreme Court Rules 12 and 373 require a reversal. Rule 12 states in part:

"(a) Filing. When service of a paper is required, proof of service shall be filed with the clerk.

(b) Manner of Proof. Service is provided:

(1) by written acknowledgment signed by the person served;

(2) in case of service by personal delivery, by certificate of the attorney ***.

(3) *in case of service by mail*, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail,

8

stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." (Emphasis added.) 145 Ill. 2d R. 12.

Supreme Court Rule 373, entitled "Date of Filing Papers in Reviewing Court; Certificate or Affidavit of Mailing," states:

"Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing shall be deemed the time of filing." 155 Ill. 2d R. 373.

Wilson suggests that these rules indicate that the mailing date should likewise be deemed the filing date for complaints filed after a voluntary dismissal. We disagree.

With respect to Rule 12, although it describes service by mail, it does not, as Wilson would contend, state that the mailbox rule applies to the filing of complaints. In fact, Rule 12 refers generically to the service of papers, which, as indicated by the many cases Wilson has cited, may be properly deemed filed on the date of mailing. See Holesinger, 104 Ill. App. 3d at 42-43, 432 N.E.2d at 649; In re Marriage of Morse, 143 Ill. App. 3d at 852, 493 N.E.2d at 1090; Board of Education, Benton Consolidated School District No. 47, 165 Ill. App. 3d at 519, 518 N.E.2d at 1260-61; Aldridge, 219 Ill. App. 3d at 523, 580 N.E.2d at 159; Board of Trustees of Southern Illinois University, 190 Ill. App. 3d at 649, 546 N.E.2d at 1042; Pakrovsky, 274 Ill. App. 3d at 518, 654 N.E.2d at 1083. There is nothing in the language of Rule 12 to compel application of the mailbox rule to the filing of complaints. In fact, Wilson does not even attempt to impose the

9

mailbox rule under its language to filing of original complaints in contravention of Wilkins and Kelly. By the same token, there is no compulsion under the language of Rule 12 to apply it to any complaints commencing an action whether before or after the taking of a voluntary dismissal. Moreover, Rule 12 describes the requirements of service by mail "*in case of service by mail*" (emphasis added) (145 Ill. 2d R. 12(b)(2)). It does not purport to state that service by mail is appropriate in all cases; nor does it state that the filing of a complaint, as opposed to the service of papers, can be immediately affected by placing the complaint in the mail.

With respect to Rule 373, Wilson ignores the fact the rule applies specifically to filing papers in a reviewing court. It does not address the filing of complaints or other documents in the circuit court. Even though Rule 373 was extended by our supreme court in Harrisburg-Raleigh Airport Authority v. Department of Revenue, 126 Ill. 2d 326, 341-42, 533 N.E.2d 1072, 1078 (1989), to apply to notices of appeal, which are filed in the circuit court, the supreme court specifically stated that its rationale for this extension was predicated upon the close relationship between notices of appeal and the appellate process as encompassed in Rule 373. See Kelly, 207 Ill. App. 3d at 254 ("In the Harrisburg-Raleigh case, the court reasoned that a 'notice of appeal, unlike many other papers filed in the circuit court, is closely related to the appellate process'; the court concluded that it was 'therefore appropriate that the promailing policy of [Supreme Court] Rule 373 *** should be applied to the filing of a notice of appeal [in the circuit court] under Rule 303(a). (126 Ill. 2d 341-42 [533 N.E.2d 1072]). The court specifically declined, however, to express an opinion as to whether the same policy would apply to other papers filed in the circuit court").

The distinctions made by the courts in Wilkins and Kelly hold true in the face of Wilson's

10

argument – namely, that although the mailbox rule applies in many settings, including, for example, the filing of a notice of appeal, it has never been held to apply with regard to the commencement of an action.  Accordingly, for the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

FITZGERALD SMITH, P.J, and O'MALLEY, J., concur.