PAMELA TOLVE, Plaintiff-Appellant, v. OGDEN CHRYSLER PLYMOUTH, INC., d/b/a Bill Kay Chrysler Plymouth, Inc., *et al.*, Defendants-Appellees (Nicola Tolve, Plaintiff).—PAMELA TOLVE, Plaintiff-Appellee, v. OGDEN CHRYSLER PLYMOUTH, INC., d/b/a Bill Kay Chrysler Plymouth, Inc., Defendant-Appellant (Nicola Tolve, Plaintiff; Chrysler Motors Corporation, n/k/a DaimlerChrysler Motors Corporation, Defendant).

Second District    Nos. 2—00—0527, 2—00—0947 cons.

Opinion filed August 29, 2001.

Maureen Flaherty, of Lehrer, Flaherty & Canavan, of Wheaton, for Pamela Tolve.

Stuart D. Gordon, of Zukowski, Rogers, Flood, McArdle & Orr, of Chicago, for Ogden Chrysler Plymouth, Inc.

James R. Vogler and Randall L. Oyler, both of Barack Ferrazzano Kirschbaum Perlman & Nagelberg, of Chicago, and Susan B. Hanmer and Maura Healey, both of Hale & Dorr, of Boston, Massachusetts, for Chrysler Motors Corporation.

JUSTICE RAPP delivered the opinion of the court:

These consolidated appeals arise from an action brought in the circuit court of Du Page County by plaintiffs, Nicola Tolve and Pamela Tolve, against defendants, Ogden Chrysler Plymouth, Inc., d/b/a Bill Kay Chrysler Plymouth, Inc. (Dealer), and Chrysler Motors Corporation, n/k/a DaimlerChrysler Motors Corp. (Chrysler), in connection with the purchase of a 1997 Plymouth Neon automobile. Nicola was dismissed from the suit by the trial court and is not a party to either appeal. The trial court granted summary judgment in favor of the Dealer and Chrysler. In appeal No. 2—00—0527, Pamela argues that the trial court erred in granting summary judgment. We affirm.

The second appeal, No. 2—00—0947, was brought by Dealer after the trial court dismissed its petition for attorney fees pursuant to section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/10a(c) (West 1998)). We reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

The following facts are taken from the record on appeal. On December 23, 1996, Pamela, her husband, and her in-laws, Nicola and

Faustina Tolve, went to Dealer because Nicola was in the market for a new vehicle. Pamela and her husband accompanied Nicola and Faustina in order to interpret because Nicola and Faustina do not speak English. Pamela's in-laws became interested in purchasing a new Plymouth Neon.

According to Pamela, the salesman told her that there was a $400 rebate available to purchasers who graduated from college in the last two years. Pamela asked the salesman if she qualified, explaining that she completed a program at the Institute of Management at Illinois Benedictine College. Pamela said that the salesman advised her that if the certificate was earned in the last two years she would be eligible for the rebate. Pamela further alleges that the salesman advised her that she should become a co-buyer of the vehicle so that Nicola could take advantage of the $400 rebate. Dealer asserts that Pamela misrepresented herself as a college graduate or at least misled the salesman.

Pamela said that they did not want to take delivery of the vehicle that day because Nicola wanted to clean up his trade-in and Pamela wanted to bring her certificate to the salesman. According to Pamela, the Dealer wanted them to take delivery that day and rushed them through the paperwork. Nicola and Pamela purchased the Plymouth Neon as co-buyers. The $400 college-graduate rebate was credited against the price of the vehicle. Pamela's in-laws also decided to buy a service contract.

Ultimately, Chrysler refused to provide the college-graduate rebate because Pamela was not a college graduate. Pamela's certificate from Illinois Benedictine College reads as follows:

> "This certifies that Pamela L. Tolve has completed the program of continuing education for middle managers of Chicagoland business and industries in The Institute For Management and in recognition thereof is awarded this Certificate Summa Cum Laude Given at Lisle, Illinois, this 3rd Day of June, 1995."

Dealer filed a small claims complaint in the circuit court of Du Page County against Pamela and Nicola, seeking $400, costs, and attorney fees. When Pamela and Nicola moved to file a counterclaim, Dealer dismissed the suit. Pamela claimed that she incurred over $400 in attorney fees defending the small claims suit.

After the small claims suit was dismissed, Nicola and Pamela filed a two-count complaint against Dealer and Chrysler. Count I, pleaded under the Consumer Fraud Act, alleged that Dealer (a) advertised low financing rates that were actually unavailable; (b) sold the vehicle for more than sticker price; (c) sold a service contract that was actually duplicative of the manufacturer's warranty; and (d) told Pamela she

qualified for a $400 college-graduate rebate when she did not. Count I also alleged that Dealer was acting as an agent or apparent agent of Chrysler. Count II alleged a cause of action for common-law fraud based on the same factual allegations made in count I. The complaint prayed for $30,000 in compensatory damages and $100,000 in punitive damages.

On December 18, 1998, Dealer filed an answer, affirmative defenses, and a counterclaim. The counterclaim was against Pamela. Count I of the counterclaim alleged that her misrepresentation that she was a college graduate was an unfair business practice under the Consumer Fraud Act. Count II alleged that Pamela's conduct constituted common-law fraud. Dealer prayed for $400 in compensatory damages, punitive damages of $1,000, attorney fees, and costs. The trial court granted Pamela's motion to dismiss, under section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1998)), count I of Dealer's counterclaim. Count II of Dealer's counterclaim remained. Nicola and Pamela filed an amended complaint on September 22, 1999. The trial court granted Nicola's motion for the voluntary dismissal of his claims against Dealer and Chrysler pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 1998)). Thereby, Pamela became the sole plaintiff in the lawsuit.

On April 6, 2000, the trial court granted summary judgment for Dealer and Chrysler on both counts of Pamela's amended complaint, which left Dealer's common-law fraud counterclaim against Pamela as the only remaining controversy between the parties. The trial court determined pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason to delay appeal of its order granting summary judgment. Pamela timely appealed.

On May 10, 2000, Dealer filed a petition for attorney fees pursuant to section 10a(c) as the prevailing party under the Consumer Fraud Act (815 ILCS 505/10a(c) (West 1998)). Pamela filed a motion to dismiss Dealer's petition for attorney fees, claiming that the petition was untimely.

At the hearing on Pamela's motion to dismiss Dealer's petition for attorney fees, Pamela argued that Dealer's petition was untimely because it was filed on May 10, 2000, more than 30 days beyond the April 6, 2000, order granting summary judgment. Accordingly, Pamela argued that the trial court was without the jurisdiction to hear Dealer's fee petition. Dealer argued in the first instance that the trial court had the jurisdiction to rule on the fee petition because Dealer's counterclaim remained pending. Secondly, Dealer argued that its petition should be considered filed on May 4, 2000, the day it was mailed, and therefore the petition was timely.

The trial court rejected Dealer's arguments and dismissed Dealer's petition. The trial court found that the Dealer's petition was filed May 10, 2000. The trial court ruled that it did not have the jurisdiction to hear Dealer's petition for attorney fees because the petition was filed more than 30 days after the order granting summary judgment. The trial court made a finding that there was no just reason to delay the appeal of the order pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Dealer timely appealed.

## II. DISCUSSION

### A. Summary Judgment

In appeal No. 2—00—0527, Pamela contends that the trial court erred as a matter of law in granting summary judgment for Dealer and Chrysler on both counts of her complaint. We disagree.

●1 Summary judgment is proper only where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). In ruling on the motion, the court is required to construe all evidentiary material strictly against the movant and liberally in favor of the nonmovant. *Laurel Motors, Inc. v. Airways Transportation Group of Cos.*, 284 Ill. App. 3d 312, 316 (1996). While the nonmoving party in a summary judgment motion is not required to prove his case, he must nonetheless present a factual basis that would arguably entitle him to a judgment. *Gauthier v. Westfall*, 266 Ill. App. 3d 213, 219 (1994). If from the pleadings, depositions, affidavits, and admissions on file, a plaintiff fails to establish an element of his cause of action, summary judgment for the defendant is proper. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). We conduct *de novo* review of an order granting summary judgment. *American Multi-Cinema, Inc. v. City of Warrenville*, 321 Ill. App. 3d 349, 353 (2001).

In her amended complaint, Pamela made four allegations that she claimed violated the Consumer Fraud Act and constituted common-law fraud: (a) Dealer advertised low financing rates that were actually unavailable; (b) Dealer charged more than the sticker price; (c) Dealer misled her into purchasing a service contract that provided duplicate coverage of the manufacturer's warranty; and (d) Dealer misrepresented the availability of a $400 college-graduate rebate.

●2, 3 The elements of a cause of action for fraud under the Consumer Fraud Act are (1) a statement by the seller; (2) of an existing or future material fact; (3) that was untrue, without regard to the defendant's knowledge or lack thereof of such untruth; (4) made for the purpose of inducing the reliance; (5) on which the victim relied;

and (6) that resulted in damage to the victim. *Duran v. Leslie Oldsmobile, Inc.*, 229 Ill. App. 3d 1032, 1041 (1992). The elements of a cause of action for common-law fraud are (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party as a result of the reliance. *Pawlikowski v. Toyota Motor Credit Corp.*, 309 Ill. App. 3d 550, 563-64 (1999).

In granting summary judgment, the trial court ruled that Pamela had not established the requisite element of damage because she did not pay for, or use, the Plymouth Neon. Pamela only became a co-buyer so that her father-in-law, Nicola, could enjoy the $400 college-graduate rebate. Therefore, any damage caused by the defendants' alleged fraudulent acts was not suffered by Pamela. The trial court also held that, even if the attorney fees expended by Pamela to defend the small claims case filed by Dealer could be considered damage, Pamela had not presented facts sufficient to establish that she paid such fees.

•4 Pamela contends that she has established in several ways damage as a result of Dealer's misrepresentations. First, Pamela contends that she has established damage because she is a co-buyer of the Plymouth Neon and obligated as a signator under the contract of sale and the retail installment contract. Pamela argues that because she could sue or be sued to enforce the contract she suffered damage by the acts of Dealer and Chrysler. We reject this contention. There is no question that Pamela is technically in privity of contract with Dealer. This fact, as Pamela points out, would allow her to maintain a cause of action for breach of contract if a breach occurred, but it does not establish the requisite element of damage for the common-law and statutory torts that Pamela has pleaded.

Pamela also contends that the $400 rebate itself constitutes damage and the fact that Dealer has counterclaimed to collect the $400 from Pamela is evidence of damage she suffered due to Dealer's tortious conduct. We fail to see how the $400 rebate could constitute damage. At this point, Pamela in theory and Nicola in fact have received the benefit of the $400 college-graduate rebate, since it was credited against the Plymouth Neon and has not been recouped by Dealer. The attempt by Dealer to recoup that amount from Pamela was abandoned when Dealer dismissed the small claims suit and only reemerged when Pamela decided to sue the Dealer. In short, Pamela is not out $400.

Pamela contends that the attorney fees she expended to defend the small claims lawsuit filed by Dealer constitute damage sufficient to establish that element of the torts alleged. Pamela cites *Duran* as

authority for her argument. *Duran*, however, does not hold that damages in the form of attorney fees are recoverable against the same tortfeasor in a prior action concerning the same wrongful act. In fact, *Duran* cites the cases of *Marvel Engineering Co. v. Matson, Driscoll & D'Amico*, 150 Ill. App. 3d 787 (1986), and *Nalivaika v. Murphy*, 120 Ill. App. 3d 773 (1983), which hold that, where the wrongful acts of a defendant involve the plaintiff in litigation with *third parties*, plaintiff may recover damages against the wrongdoer, measured by the reasonable expenses of such litigation, including attorney fees. *Marvel Engineering*, 150 Ill. App. 3d at 793; *Nalivaika*, 120 Ill. App. 3d at 776. Moreover, section 914(2) of the Restatement (Second) of Torts states:

"(2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action *against a third person* is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." (Emphasis added.) Restatement (Second) of Torts § 914(2) (1979).

The prior litigation from which arose the attorney fees that Pamela claims satisfy the element of damage in this case involved not only the same party but also the same alleged wrongful act, *i.e.*, a misrepresentation concerning the college-graduate rebate. Our supreme court stated the following concerning the recovery of attorney fees as damages:

"While it is recognized that where the natural and proximate consequences of a wrongful act have been to involve the plaintiff in litigation with others, there may be recovery in damages against the author of such act, measured by the reasonable expenses incurred in such litigation, [citation], yet the rule is equally well established that where an action based on *the same wrongful act* has been prosecuted by the plaintiff against the defendant to a successful issue, he can not in a subsequent action recover, as damages, his costs and expenses in the former action." (Emphasis added.) *Ritter v. Ritter*, 381 Ill. 549, 554-55 (1943).

Accordingly, the attorney fees expended by Pamela to defend the small claims lawsuit filed by Dealer to recoup the $400 college-graduate rebate do not establish the requisite damage element of the torts Pamela alleges.

Finally, Pamela makes the argument that she has suffered nominal damage as a result of Dealer's misrepresentations. However, the record does not show that Pamela made this argument to the trial court and Pamela does not seek nominal damages in her complaint. Therefore, the argument is waived. See *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534 (1994). Waiver aside, damage may not be presumed under the Consumer Fraud Act. *Duran*, 229 Ill. App. 3d

at 1040-41. With respect to the common-law fraud count, unless all the elements of the tort, including the element of damage, are established, nominal damages cannot be recovered. *City of Chicago v. Michigan Beach Housing Cooperative*, 297 Ill. App. 3d 317, 326 (1998). As we have concluded above, Pamela has not established that she has suffered damage as a result of Dealer's alleged misrepresentations.

Because Pamela has failed to establish the damage element of her claims under the Consumer Fraud Act and for common-law fraud, summary judgment for Dealer and Chrysler was proper. See *Pyne*, 129 Ill. 2d at 358. Accordingly, we affirm the trial court's order granting Dealer and Chrysler summary judgment on count I and count II of Pamela's amended complaint.

### B. Petition for Attorney Fees

In appeal No. 2—00—0947, Dealer contends that the trial court erred in dismissing for the lack of jurisdiction Dealer's petition for attorney fees pursuant to the Consumer Fraud Act. Dealer argues that (1) the trial court had the jurisdiction to rule on Dealer's petition even if it was filed more than 30 days beyond the trial court's order granting summary judgment; and (2) Dealer's petition was timely because it was filed the day it was mailed. Because we agree with Dealer's second argument, we need not address Dealer's first argument.

●5 It is undisputed that Dealer's petition for attorney fees was mailed on May 4, 2000, and file stamped by the circuit clerk on May 10, 2000. Therefore, the determination of the filing date is purely a question of law to which we apply *de novo* review. *In re Appointment of a Special State's Attorney*, 305 Il. App. 3d 749, 756 (1999).

●6 Our supreme court has held that notices of appeal mailed within the 30-day period and received thereafter are timely filed but stated that it expressed no opinion as to whether this policy would apply to other papers filed in the circuit court. *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 341-42 (1989). We believe that this court's decision in *Pakrovsky v. Village of Lakemoor*, 274 Ill. App. 3d 515 (1995), is dispositive of the issue of whether the time of mailing a document is equated with the time of filing a document with the clerk of the circuit court. The *Pakrovsky* court stated:

> "We recognize that court documents are often filed by mail and that there are sometimes delays in mail service. Furthermore, the weight of authority clearly favors equating the mailing date with the filing date for court documents which do not commence a new cause of action." *Pakrovsky*, 274 Ill. App. 3d at 518.

This court also stated:

> "Except for the filing of complaints and the filing of petitions pursuant to section 2—1401 of the Code of Civil Procedure [cita-

tion], the appellate court has consistently held that documents mailed to the circuit court within the requisite time period but received thereafter are timely filed." *Pakrovsky*, 274 Ill. App. 3d at 517.

The trial court concluded that Dealer's petition was not filed until it was file stamped on May 10, 2000, relying on local circuit court rule 2.02(b) (18th Jud. Cir. Ct. R. 2.02(b) (eff. July 15, 1991)) and Supreme Court Rule 104(b) (134 Ill. 2d R. 104(b)). Rule 104(b) does not speak to the issue with which we are presented. Rule 2.02(b), on the other hand, provides in pertinent part:

> "A paper filed by mail shall not be deemed as filed until such date and time as said document was received, stamped and dated by the proper designated Deputy Clerk of the Circuit Court." 18th Judicial Cir. Ct. R. 2.02(b) (eff. July 15, 1991).

However, local circuit court rules may not abrogate, limit, or modify existing law. *Valio v. Board of Fire & Police Commissioners of the Village of Itasca*, 311 Ill. App. 3d 321, 328 (2000). Because documents mailed to the circuit court within the requisite time period but received thereafter are timely filed (*Pakrovsky*, 274 Ill. App. 3d at 517), Dealer's petition for attorney fees was timely. Therefore, the trial court erred in dismissing Dealer's petition for lack of jurisdiction. Accordingly, we reverse the trial court's order dismissing Dealer's petition for attorney fees.

### IV. CONCLUSION

For the foregoing reasons, we affirm the order of the circuit court of Du Page County appealed in No. 2—00—0527 granting Dealer and Chrysler summary judgment. As to appeal No. 2—00—0947, we reverse the order of the circuit court of Du Page County dismissing Dealer's petition for attorney fees and remand the cause for further proceedings not inconsistent with this opinion.

No. 2—00—0527, Affirmed.
No. 2—00—0947, Reversed and remanded.

McLAREN and CALLUM, JJ., concur.