**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 24, 2010[*]
Decided April 27, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1303

FLOYD MAY,
    *Plaintiff-Appellant,*

    *v.*

PAULA RICH,
    *Defendant-Appellee.*

Appeal from the United States District Court for the Central District of Illinois.

No. 04-1127
Harold A. Baker, *Judge.*

## Order

Floyd May is a prisoner of Illinois and Paula Rich a paralegal and notary public employed at the prison to assist its inmates. They don't get along; May has sued Rich frequently, including 14 suits (half naming Rich among the defendants) in 2003 alone. Nos. 03-1085 to 03-1098 (C.D. Ill. Filed Mar. 31, 2003).

The judge directed May to show that he had exhausted his administrative remedies, as the Prison Litigation Reform Act requires. See 42 U.S.C. §1997e(a); *Booth v. Churner*, 532 U.S. 731 (2001). Shortly before the deadline for proof of exhaustion, the court received motions to dismiss all 14 suits voluntarily. Each had been signed (or appeared to have been signed) by May; Rich notarized each signature. The court dismissed the suits without prejudice. May then moved to reinstate them, contending that someone (perhaps Rich) had forged his signatures. The judge held a hearing and concluded that May was lying when he denied signing the notices. He declined to reinstate the 14 suits.

Instead of appealing, or refiling the suits, May filed this suit against Rich under 42 U.S.C. §1983 plus state law. He advanced three principal claims: (1) that Rich had retali-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

ated against him—not only by forging the notices of dismissal but also by writing disciplinary tickets—because of his suits and complaints against her; (2) that Rich denied him access to the courts by causing the court to dismiss the 14 suits; (3) that Rich violated the Illinois Notary Public Act by attesting to the authenticity of signatures that had been affixed outside her presence. One might have supposed that the judge's finding when declining to reinstate the 14 suits would block this litigation as a matter of issue preclusion (collateral estoppel), but the district judge held otherwise and Rich has abandoned her preclusion defense; we do not mention this possibility again.

The district court held a jury trial, at which the parties contested two principal issues: first whether Rich had a grudge against May, and second whether May signed the notices of dismissal. There was a collateral question whether the notices mentioned Rich's name when she attested the signatures—for a person may not notarize documents in which she has a personal interest. 5 ILCS 312/6-104(b). May, who has a history of forgery (he has twice been disciplined for forging money orders), insisted that Rich was the forger this time. The jury must have agreed; it returned a general verdict of $2,388 in his favor. But the judge then granted Rich's motion for judgment as a matter of law, see Fed. R. Civ. P. 50, ruling that May had not established injury. Because the dismissals were without prejudice, May could have filed again but chose not to.

Both of May's constitutional claims are variants on a contention that Rich deprived May of access to the courts. The only difference is that one theory depends on Rich's motive while the other doesn't. Either way, May needed to show that he suffered prejudice in the sense that Rich's actions cost him a victory in the 14 suits (or at least cost him his chance at victory). See *Lewis v. Casey*, 518 U.S. 343 (1996). And for two reasons May failed to establish this essential ingredient. First, as the district court observed, the dismissals were without prejudice, so May could have started over. (He does not contend that the statute of limitations would have prevented renewal of the suits.) Second, his failure to exhaust administrative remedies doomed the suits. May responds that he had asked the district judge for more time in the original 14 suits to show that he had exhausted his remedies. True enough, but May still had to demonstrate exhaustion. It is now almost seven years after the 14 suits were dismissed, yet in all this time May has never even *tried* to show that he exhausted his administrative remedies. So no access-to-the-courts theory can prevail.

This leaves the claim under state law. The district judge thought it a bad one because, even if May did not sign in Rich's presence, she was familiar with his signature and that was enough to support her attestation. The district judge was mistaken. The statute imposes distinct requirements: first that the person "appear[] before" the notary, and second that the notary ascertain that the signer is who he purports to be. 5 ILCS 312/6-102(c). Personal knowledge of the signer's identity can fulfil the second requirement, see §6-102(d)(1), but not the first. The notary's work is not complete unless the signer appears before the notary.

Rich testified that she fulfilled this obligation by visiting May in his cell so that he could verify that the signatures on the notices of dismissal were his, and that May did verify the signatures in her presence. A prison log book shows that Rich signed into May's cell block when she says she did. May denies that Rich verified his signatures this way, and we must assume (given the general verdict) that the jury believed May. But there remains the need to show injury. And, for the same reason that the access-to-courts claim fails, May has not established loss from any failure to conduct a person-to-person signature verification.

We have considered the possibility that state law authorizes nominal damages. But none of the act's sections provides for them. The Illinois law, like the Uniform Law on Notarial Acts (on which it is based), establishes a strict-liability regime. The notary must comply with all duties; reasonable care is not enough. The statute provides compensation for actual injury. 5 ILCS 312/7–101. In Illinois, the plaintiff must show injury to recover under a strict-liability approach, unless the law provides for nominal damages or has a penalty clause (such as $100 per violation). See *Mikolajczyk v. Ford Motor Co.*, 321 Ill. 2d 516, 525, 901 N.E.2d 329, 335 (2008); *Tolve v. Ogden Chrysler Plymouth, Inc.*, 324 Ill. App. 3d 485, 491–92, 755 N.E.2d 536, 541–42 (2001). Illinois has not considered whether nominal damages are available when a notary acts improperly, but we think it likely that the state courts will give a negative answer. This means that the judgment must be

AFFIRMED.