# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Water Tower Nursing & Home Care, Inc. v. Estate of Weil*, 2013 IL App (1st) 122681

---

| | |
|---|---|
| Appellate Court Caption | WATER TOWER NURSING AND HOME CARE, INC., Plaintiff-Appellant, v. ESTATE OF FREDERICK A. WEIL, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-2681 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's claim for home health care services provided to decedent was barred where plaintiff agreed that it received notice from decedent's representative that the claim was disallowed before any claim was filed and that the claim would be barred if plaintiff did not file the claim with the court prior to the claims expiration date stated in the notice, and plaintiff failed to file its claim with the court before that date. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-P-005862; the Hon. Mary Ellen Coghlan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Joshua S. Abern, of Levun, Goodman & Cohen LLP, of Northbrook, for appellant.

John W. Campbell, Jr., and Allison M. Adams, both of Schenk Annes Tepper Campbell Ltd., of Chicago, for appellee.

Panel

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Lampkin and Justice Hall concurred in the judgment and opinion.

**OPINION**

¶ 1    In the case at bar, respondent Estate of Frederick A. Weil (the estate) moved to dismiss a claim made against the estate by Water Tower Nursing and Home Care, Inc. (Water Tower), on the ground that the claim was untimely filed. The trial court granted the motion and dismissed the claim. For the following reasons, we affirm.

¶ 2                               BACKGROUND

¶ 3    For the purposes of this appeal, we will accept as true the facts as alleged by the appellant in its brief to this court. Even if we assume *arguendo* that all these facts are true, we must still affirm the trial court's dismissal of the appellant's claim.

¶ 4    Water Tower provided home health care services to Frederick A. Weil from June 19, 2011, until his death on September 18, 2011. A probate estate was opened on October 17, 2011, with Marion R. Weil as its executor and representative. On October 26, 2011, a letter was sent by the estate to Water Tower, as a known creditor, stating that any claims that it had "must be filed" by April 21, 2012, and "any claims not filed with the Cook County Probate Court on or before that claims expiration date will be barred."

¶ 5    The letter further stated: "You should consider this letter as the Executor's denial of any claims you timely file against the decedent's estate unless your claim is approved by the Cook County Probate Court in Case No. 2011 P 005862, or you receive the Executor's or our firm's written approval of your timely filed court claim."

¶ 6    On Saturday, April 21, 2012, which was the claims expiration date specified in the representative's letter, Water Tower mailed a copy of its claim to the circuit court, to the representative and to the representative's attorney.

¶ 7    The estate moved to dismiss Water Tower's claim, and on August 6, 2012, the trial court dismissed its claim as untimely. Water Tower filed a notice of appeal on September 4, 2012, and this appeal followed.

¶ 8                                    ANALYSIS

¶ 9        The sole question before this court is whether the claimant's filing was untimely. The determination of a filing date is purely a question of law (*Tolve v. Ogden Chrysler Plymouth, Inc.*, 324 Ill. App. 3d 485, 492 (2001)), and so is the interpretation of a statute (*In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 51). Thus, both will be subject to *de novo* review. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 51; *Tolve*, 324 Ill. App. 3d at 492.

¶ 10       Water Tower argues that its claim was timely because it had the option of filing its claim with the representative, and that there was no other way of filing a claim with the representative except by mailing, which it did within the time set forth in the notice.

¶ 11       In support of its argument that it had the option of filing with the representative instead of the court, Water Tower cites section 18-1 of the Probate Act of 1975 (the Act), which provides that "[a] claim against the estate of a decedent *** may be filed with the representative or the court or both." 755 ILCS 5/18-1(a) (West 2010).

¶ 12       What Water Tower overlooks is that a different statutory section applies if the claim has already been disallowed by the representative. Section 18-11 of the Act provides that "[t]he representative may at any time disallow all or any part of any claim that has not been filed with the court by mailing *** a notice of disallowance to the claimant, *** stating that if the claim is not filed with the court on or before the date stated in the notice *** the claim will be barred." 755 ILCS 5/18-11(b) (West 2010). The letter, which Water Tower does not deny receiving, informed Water Tower that the letter was "a denial" of its claim and that "any claims not filed with the Cook County Probate Court on or before that claims expiration date [of April 21, 2012] will be barred."

¶ 13       If there was any doubt left by section 18-11 quoted above, it is completely resolved by the clear and unambiguous language provided in the immediately following section, which is section 18-12. 755 ILCS 5/18-12 (West 2010). Section 18-12 provides that "[e]very claim against the estate of a decedent *** is barred as to all of the decedent's estate if: *** [n]otice of disallowance is given to the claimant as provided in Section 18-11 and the claimant does not file a claim *with the court* on or before the date stated in the notice." (Emphasis added.) 755 ILCS 5/18-12(a)(2) (West 2010).

¶ 14       Section 18-12(a)(2) applies, word for word, to the case at bar: (1) Water Tower does not contest its receipt of the "notice"; (2) the letter stated that it was a "denial" or disallowance of Water Tower's claim; and (3) Water Tower concedes that it did "not file a claim with the court on or before the date stated in the notice." 755 ILCS 5/18-12(a)(2) (West 2010).

¶ 15       Neither party cites a case for the proposition that a claimant, although denied, may, or may not, still file under the general filing rule provided in section 18-1, nor can we find one. 755 ILCS 5/18-1 (West 2010). However, we observe that, if a denied claimant could still file under the general rule, then sections 18-11(b) and 18-12(a)(2), quoted above, would be rendered superfluous, and we should interpret statutes so that no part is rendered superfluous. *People v. Jones*, 214 Ill. 2d 187, 193 (2005) ("The statute should be read as a whole and construed so that no part of it is rendered meaningless or superfluous.").

¶ 16       Water Tower argues that the estate's denial letter was not effective as a disallowance notice because Water Tower had to file its claim before the estate could disallow it.

However, Water Tower does not point to any section in the Act which makes such a requirement, and we decline to read into the Act provisions which are not already there. Water Tower also does not cite any case authority to support this argument. *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 568 (2006) (by failing to offer supporting legal authority or "any reasoned argument," plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants); *People v. Ward*, 215 Ill. 2d 317, 332 (2005) (a "point raised in a brief but not supported by citation to relevant legal authority *** is therefore forfeited"); *In re Marriage of Bates*, 212 Ill. 2d 489, 517 (2004) ("A reviewing court is entitled to have issues clearly defined with relevant authority cited."); *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires); Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) (argument in appellate brief must be supported by citation to legal authority).

¶ 17     In addition, Water Tower's argument, that an estate can send a disallowance notice only after a claimant has first filed his or her claim with the estate's representative, contradicts the express language of the Act which permits the representative to send a disallowance notice "at any time" before the claim is filed in court. 755 ILCS 5/18-11(b) (West 2010).

¶ 18     Water Tower also argues that its mailing was sufficient, because it claims that the disallowance letter permitted it to file its claim "as indicated" in the "Notice to Creditors," and that the notice permitted it to either mail its claim to the representative or to file it in court. What Water Tower overlooks is the "and" in the sentence in the letter.

¶ 19     The sentence in the letter states: "If you have a claim against the decedent, it must be filed as indicated in the Notice [to Creditors] on or before April 21, 2012, *and* any claims not filed with the Cook County Probate Court on or before that claims expiration date will be barred." (Emphasis added.)

¶ 20     Looking at the whole sentence–both clauses–one can see that the "as indicated" means that the date of April 21, 2012, was indicated in the notice, not that the recipient had the filing options mentioned in the notice. To the extent that the first clause of the sentence left the reader with any confusion on that point, the second clause of the very same sentence cleared it up by stating "any claims *not filed with the Cook County Probate Court* on or before that claims expiration date will be barred." (Emphasis added.) As a result, we do not find this argument persuasive.

¶ 21     We realize that the dismissal of a claim because of a filing error may seem like a harsh result, but we observe that Water Tower had six months to act to preserve its claim and failed to do so. The disallowance letter, which Water Tower does not contest receiving, was sent in October 2011, and the letter informed Water Tower that it had six months to file its claim. Water Tower waited the full six months, and then dropped a letter in the mail.

¶ 22     In addition, whether or not the result is harsh, courts are without the power to do anything else. Section 18-12 of the Act is not a statute of limitations, but is jurisdictional. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 57. The filing of a claim within the periods provided by section 18-12 is mandatory, and " ' "no exception to the filing period may be engrafted by judicial decision." ' " *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 58 (quoting *In*

*re Marriage of Epsteen*, 339 Ill. App. 3d 586, 596 (2003), quoting *In re Estate of Hoheiser*, 97 Ill. App. 3d 1077, 1081 (1981)). Once the time periods provided in the statute expire, a court has no power or jurisdiction to adjudicate a claim against an estate. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 58 (citing *In re Marriage of Epsteen*, 339 Ill. App. 3d at 596). The purpose behind section 18-12 is to facilitate the early settlement of estates, and the statute provides the courts with no leeway to relax its purpose. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 57 (citing *In re Marriage of Epsteen*, 339 Ill. App. 3d at 596).

¶ 23                                              CONCLUSION

¶ 24        For the foregoing reasons, and applying a *de novo* review, we find that Water Tower's claim was not timely, and we affirm the dismissal of the circuit court which reached the same conclusion that we do.

¶ 25        Affirmed.