# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *In re Estate of Strong*, 2020 IL App (3d) 190158

</div>

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF NATHANIEL STRONG III, Deceased (Heidemarie Strong, Petitioner-Appellee, v. Antoinetta Strong, Independent Executor of the Estate of Nathaniel Strong III, Deceased, Respondent-Appellant). |
| District & No. | Third District<br>No. 3-19-0158 |
| Filed | March 13, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-P-425; the Hon. J. Jeffrey Allen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Laura Sluis and Colleen Wengler, of Wengler Law Firm, PC, of Joliet, for appellant.<br><br>Bruce L. Zumstein, of Bonds, Zumstein & Konzelman, P.C., of Joliet, for appellee. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices O'Brien and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    The claimant, Heidemarie Strong, filed a motion to confirm claim against the estate of her husband, Nathaniel Strong III. The circuit court allowed Heidemarie's claim.

¶ 2                                              FACTS

¶ 3    There are two separate trial court proceedings occurring in different counties that are relevant in this case: (1) divorce proceedings that Nathaniel initiated in Cook County and (2) probate proceedings that Nathaniel's sister, Antoinetta Strong, initiated in Will County.

¶ 4                    I. Cook County Dissolution of Marriage Proceedings

¶ 5    In 1986, Nathaniel married Heidemarie in Ladenburg, Germany, where he was employed. Nathaniel lived with Heidemarie in Germany until he returned to the United States in July 2013. In May 2014, Nathaniel filed a petition for dissolution of marriage against Heidemarie in the circuit court of Cook County and issued a summons for service upon Heidemarie. Nathaniel secured service by publication, stating that after diligent inquiry, Heidemarie could not be found and her last known address was in Germany where they resided together. Heidemarie did not respond or appear. In September 2014, the court entered a default judgment against Heidemarie.

¶ 6    In May 2016, Heidemarie filed a motion to vacate the default judgment. While the motion to vacate was pending before the circuit court, Nathaniel died on January 19, 2017. In August 2017, the court granted Heidemarie's motion to vacate *instanter* and stated that a formal ruling would follow along with a ruling on her petition for fees. On January 29, 2018, the court entered an order (hereinafter the Cook County order) assessing $24,959.84 in fees against Nathaniel due to concealment and misrepresentations he made to the court in obtaining the default judgment against Heidemarie.

¶ 7                        II. Will County Probate Proceedings

¶ 8    On May 23, 2017, while the motion to vacate was pending in Cook County, Antoinetta filed a petition to probate Nathaniel's will in the circuit court of Will County. The will was dated January 5, 2015, and made no provisions for Heidemarie. On July 13, 2017, the will was admitted into probate and Antoinetta was appointed as the executor.

¶ 9    On July 26, 2017, Antoinetta published a claim notice advising creditors of the estate that they had six months, until January 26, 2018, to file their claims.

¶ 10    On August 16, 2017, Heidemarie filed a motion to terminate independent administration, wherein she stated she was an interested person in the estate as "heir/wife-surviving spouse + creditor." Attached to her motion was an e-mail from her divorce counsel stating that her petition to vacate the default marriage dissolution judgment in Cook County was granted *instanter* and that a formal ruling would follow along with a ruling on her pending petition for fees.

¶ 11    On October 25, 2017, Heidemarie filed a motion to amend the order declaring heirship, again noting that her motion to vacate the default marriage dissolution judgment was granted in Cook County and she was to be considered a surviving spouse for inheritance purposes.

¶ 12    On January 26, 2018, the claim period for creditors of the estate expired.

¶ 13    On February 8, 2018, Heidemarie's counsel forwarded a copy of the Cook County order to Antoinetta's counsel that assessed $24,959.84 against Nathaniel.

¶ 14    On September 25, 2018, Heidemarie filed a motion to confirm her claim for the fees awarded to her in the marriage dissolution action. Antoinetta argued that Heidemarie's claim fell outside of the six-month claim period established by its publication notice to creditors, which expired on January 26, 2018, and that the estate had no prior notice of the claim.

¶ 15    On February 28, 2019, following a hearing on Heidemarie's motion to confirm claim, the circuit court entered an order finding that the Cook County order assessing $24,959.84 in fees and costs against Nathaniel was a valid claim against the estate. The court rejected Antoinetta's argument based on the publication period and reasoned that the claim was not untimely because it did not arise until after the publication period expired.

¶ 16    On March 25, 2019, Antoinetta filed her notice of appeal.

¶ 17                                                    ANALYSIS

¶ 18    On appeal, Antoinetta argues that the circuit court's order allowing the Cook County order as a valid claim against the estate was erroneous because (1) it fell outside of the six-month claim period, (2) it failed to state sufficient information, and (3) Heidemarie did not submit a "claim not due." Heidemarie argues the court's order was proper.

¶ 19    The Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West 2016)) provides that creditors of a decedent may file a claim against the decedent's estate once an executor or administrator is appointed and the estate is opened. *Id.* § 18-1. Such a claim may be filed with the estate representative or the court or both. *Id.* § 18-1(a). "Every claim filed must be in writing and state sufficient information to notify the representative of the nature of the claim or other relief sought." *Id.* § 18-2. However, "[t]echnical legal form is not required in presentation of a claim against an estate, and proceedings in probate court for the allowance of claims are not governed by the technical rules which apply to a formal suit at law." *In re Estate of Wagler*, 217 Ill. App. 3d 526, 529 (1991); see *In re Estate of Krpan*, 2013 IL App (2d) 121424, ¶ 19 (a claim is not a pleading and does not need to be well-pled as our rules of civil procedure would normally demand); *Craig v. Zink*, 2016 IL App (4th) 150939, ¶ 28 (a claim against an estate does not have to present a formal, legal claim). Although the form and substance necessary to present a claim is relaxed, the time to file a claim is not. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 58. If the claim is not filed within the time period prescribed the by the Probate Act, the claim is barred. *Id.*

¶ 20    Once a claim is sufficiently and timely filed, the circuit court may allow it, set it for trial, continue it, or dismiss it. 755 ILCS 5/18-7(a) (West 2016). The court has "wide latitude in allowing claims or requiring proof of claims." *In re Estate of Andernovics*, 197 Ill. 2d 500, 507 (2001). However, "claims against an estate should be scrutinized with care and should not be allowed except on clear proof." *Id.* at 508-09. The claimant has the burden to prove a claim by a preponderance of the evidence. *In re Estate of Bozarth*, 2014 IL App (4th) 130309, ¶ 30. Where the trial court's allowance or denial of a claim turns on the court's findings of fact, we will only reverse that decision if those findings are against the manifest weight of the evidence. See *id.* ¶ 31. However, if the court's decision is based on whether the claim was timely, our review is *de novo*. *Water Tower Nursing & Home Care, Inc. v. Estate of Weil*, 2013 IL App (1st) 122681, ¶ 9.

¶ 21    Antoinetta's arguments oppose the Cook County order as a valid claim for the above argued reasons. *Supra* ¶ 18. However, based on the record before us, we find that Heidemarie properly submitted her claim to the court much earlier on August 17, 2017, as it was contained in her motion to terminate independent administration.

¶ 22    In Heidemarie's motion to terminate independent administration, she identified herself as "heir/wife-surviving spouse + creditor." Attached to her motion was an e-mail from her divorce counsel stating that her petition to vacate the default marriage dissolution judgment in Cook County was granted *instanter* and that a formal ruling would follow along with a ruling on her pending petition for fees. Heidemarie's identification as a "creditor," along with information about her pending petition for fees against Nathaniel in the dissolution of marriage proceedings, was notice of a claim not due against the estate. As the rules for presenting a claim are relaxed in terms of form and substance, we find that the information contained in Heidemarie's August 17, 2017, motion was sufficient to notify the estate of her claim. See 755 ILCS 5/18-2, 18-4 (West 2016). Further, Heidemarie provided notice of her claim on August 17, 2017, which was within the six-month publication period (July 26, 2017, to January 26, 2018). *Id.* §§ 18-3(a), 18-12(a)(1) (notice by publication under section 18-3(a) requires the claimant to file a claim on or before the date stated in the notice).

¶ 23    We also make note of the February 8, 2018, letter sent by Heidemarie's counsel to Antoinetta's counsel, which contained the Cook County order detailing the amount due to Heidemarie. Although the Cook County order was not entered until after the claim period expired, Antoinetta was on notice during the claim period that Heidemarie's petition for fees remained pending in the dissolution proceeding. This February 8 letter to the estate followed up with Heidemarie's prior claimed position as a "creditor" and provided the estate with the final details of her claim, namely the amount due and the court's basis for assessing fees against Nathaniel, when the information became available. For the foregoing reasons, the circuit court did not err as a matter of law when it confirmed Heidemarie's claim against Nathaniel's estate.

¶ 24    As a final matter, Heidemarie argues that this court should direct the trial court to disallow any charges against the estate for Antoinetta's costs and attorney fees relating to this appeal. However, we decline Heidemarie's request. This court is a court of review, and the trial court is tasked with first deciding whether such charges against an estate are appropriate. See *In re Estate of Bitoy*, 395 Ill. App. 3d 262 (2009).

¶ 25                                CONCLUSION
¶ 26    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 27    Affirmed.